## THE CITY OF LEWISTOWN
### v.
### ANDREW J. HUMMEL.

*Municipal Corporations—Ordinances—Violation of—Power of City Council to Release from Payment of Fine.*

A city council has power to release a defendant from a fine for violation of a city ordinance, such action being taken by the council while defendant has a right of appeal remaining to him from the judgment imposing the fine.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER, for appellant.

Mr. JOHN W. BANTZ, for appellee.

CONGER, P. J. On the 1st of May, 1889, appellee was sued in an action of debt by appellant and judgment rendered against him for $40, and costs taxed at $17.10, for violating one of the ordinances of appellant, by selling intoxicating liquors without license. The next day the city council of appellant remitted this fine. Appellant afterward brought an action of debt in the Circuit Court of Fulton County based on the preceding judgment, and upon trial by the court without a jury it was held by the court that the fine had been released by the action of the city council and the court rendered judgment in favor of appellant for $7 damages. The city appeals, and insist there should have been judgment for the fine of $40 also; that appellee was solvent; that no appeal had been prayed by him, and that no consideration for remitting the fine was received, and hence the action of the city council was unauthorized and void.

We think, however, under the authority of Agnew v. Brall,

124 Ill. 312, the city council could legally remit the fine. Hummell had a right to an appeal, and hence the judgment against him was not final.    What reasons influenced the council in its action do not appear.    Until the time expired for praying an appeal, the claim against Hummell was one that might be contested, and upon appeal might be defeated, and hence it was within the power of the council to settle it in .such manner as seemed best.

The form of the judgment is not technically correct, but we think it affords no good grounds for reversal.

*Judgment affirmed.*