679 F.2d 64
 4 Ed. Law Rep. 710
 KNIGHTS OF THE KU KLUX KLAN REALM OF LOUISIANA,
Plaintiff-Appellee Cross-Appellant,
v.
EAST BATON ROUGE PARISH SCHOOL BOARD, et al.,
Defendants-Cross-Appellees,
U. S. Department of Health & Human Services,
Defendant-Appellant Cross-Appellee.
 No. 79-1780.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A*
 June 25, 1982.
 C. Michael Hill, Asst. U. S. Atty., Baton Rouge, La., Joseph B. Scott, Atty., William Kanter, Wendy M. Keats, U. S. Dept. of Justice, Civ. Div., Appellate Staff, Washington, D. C., for defendant-appellant cross-appellee.
 Anderson, Anderson & Steffes, Lawrence R. Anderson, Jr., Baton Rouge, La., for plaintiff-appellee cross-appellant.
 John F. Ward, Jr., Baton Rouge, La., for East Baton Rouge.
 Appeals from the United States District Court for the Middle District of Louisiana.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before GOLDBERG, POLITZ and SAM D. JOHNSON, Circuit Judges.
 SAM D. JOHNSON, Circuit Judge:
 
 
 1
 On February 23, 1981, this Court reversed the district court and denied the Ku Klux Klan, Realm of Louisiana (KKK) an award of attorneys' fees against the Department of Health, Education and Welfare (HEW). Knights of K. K. K. v. East Baton Rouge Parish School Board, 643 F.2d 1034 (5th Cir. 1981). The basis of the denial was this Court's determination that the Civil Rights Attorneys' Fees Awards Act of 1976 did not allow recovery of attorneys' fees against the federal government. While the KKK's appeal was pending before the Supreme Court, the Equal Access to Justice Act (EAJA) went into effect. 5 U.S.C. § 504, 28 U.S.C. § 2412 (West.Supp.1981). Because the EAJA allows attorneys' fees awards to certain parties prevailing in actions against the federal government, the Supreme Court has now remanded this case, --- U.S. ----, 102 S.Ct. 626, 70 L.Ed.2d 609 for reconsideration in light of that Act.[1]
 
 I. Attorneys' Fees Awards Under the EAJA
 
 2
 Prior to implementation of the EAJA, 28 U.S.C. § 2412 barred an award of attorneys' fees to the prevailing party in any civil action brought by or against the United States government, unless specifically provided for by statute.[2] The district court in the case sub judice nevertheless awarded the KKK $11,920.41 in attorneys' fees against HEW without referring to any statutory basis for its award. The KKK had asserted a right to attorneys' fees after it had prevailed in a 42 U.S.C. § 1983 action against the Baton Rouge Parish School Board (Board) and HEW.[3] This Court reversed the district court on grounds that no statutory authority existed for the award.[4] The KKK contended that the Civil Rights Attorneys' Fees Awards Act of 1976 (Awards Act), 42 U.S.C. § 1988, provided such statutory authority,[5] but this Court determined that the Awards Act does not possess the "clear or express" language necessary to waive federal sovereign immunity for attorneys' fees under 28 U.S.C. § 2412.[6]
 
 
 3
 This Court did not consider the applicability of the EAJA to the instant case because that Act did not become effective until October 1, 1981. The EAJA made significant changes in 28 U.S.C. § 2412. As amended, section 2412 still retains a general provision barring attorneys' fees and expenses against the federal government, except as otherwise specifically provided by statute. Sections 2412(b) and 2412(d), however, provide two broad statutory exceptions. The most significant change is the statutory exception in section 2412(d), which provides in pertinent part:
 
 
 4
 (A) court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 5
 A party is only eligible for this mandatory fee award if it is a "prevailing" party and meets certain financial eligibility requirements set forth in section 2412(d)(2)(B):
 
 
 6
 (B) "party" means (i) an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of the Code and a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association, or (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization, having not more than 500 employees at the time the civil action was filed.
 
 
 7
 Even if a prevailing party is not eligible for a mandatory attorneys' fee award, section 2412(b) permits a court in its discretion to award attorneys' fees and other expenses against the federal government to the same extent it may award fees in cases involving other parties.[7] Under this provision, the federal government is now subject to the "bad faith" and "common benefit/common fund" exceptions to the traditional "American Rule" that litigants bear their own costs, including attorneys' fees. Under the bad faith exception, an award of fees will be allowed against the losing party if it has willfully disobeyed a court order or otherwise acted in bad faith. See F. D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 129-30, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). Under the "common benefit" exception, a court may award fees to a party where the party's actions have conferred a substantial benefit upon a class of persons.[8] Id. Under the discretionary award provision in section 2412(b), no financial eligibility requirements are imposed upon a prevailing party.
 
 II. Retroactive Application of the EAJA
 
 8
 The KKK was appealing this Court's denial of attorneys' fees when the EAJA became effective as law on October 1, 1981. At the outset, the question arises whether such an action on appeal is covered by the EAJA.
 
 
 9
 The implementation provision provides that the Act shall apply to any civil action that "is pending on, or commenced on or after" October 1, 1981. Section 208, 28 U.S.C. § 2412 (West Supp.1981).[9] Absent any legislative history to the contrary, an action is "pending" so long as a party's right to appeal has not yet been exhausted or expired. United States For Heydt v. Citizens State Bank, 668 F.2d 444, 446 (8th Cir. 1982); Photo Data, Inc. v. Sawyer, 533 F.Supp. 348, 350-51 (D.D.C.1982); Berman v. Schweiker, 531 F.Supp. 1149 (N.D.Ill.1982). See also Perzinski v. Chevron Chemical Co., 503 F.2d 654, 657 (7th Cir. 1974); Williams v. State, 62 Cal.App.3d 960, 133 Cal.Rptr. 539 (1976); In re Estate of Stith, 45 Ill.2d 192, 258 N.E.2d 351, 353 (1970). The fact that a motion for attorneys' fees is the only matter pending before a court does not mean that court lacks jurisdiction or that the case is not "pending." Buckton v. NCAA, 436 F.Supp. 1258, 1262-63 (D.Mass.1977).[10] Because the Klan's right to appeal had not expired or been exhausted, its action was "pending" on the effective date for the purposes of applying the Act.
 
 III. Eligibility of the KKK
 
 10
 The KKK meets at least two other threshhold requirements of the EAJA. It is a "prevailing party" in civil litigation against an agency of the federal government. Second, the KKK's demand for injunctive relief under 42 U.S.C. § 1983 is clearly one kind of civil action in which fees may be awarded under section 2412. The mandatory award provision under section 2412(d) excludes tort actions, but the legislative history of the EAJA notes that constitutional torts are not considered a part of this exclusion. H.R.Rep.No. 96-1418, 96th Cong., 2d Sess. 18, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4997. See also Matthews v. United States, 526 F.Supp. 993 (M.D.Ga.1981).
 
 
 11
 To qualify for a mandatory fee award under section 2412(d), the KKK faces two additional hurdles. First, it must demonstrate that it meets the financial eligibility requirement set forth in section 2412(d)(2)(B), which requires that the organization's net worth did not "exceed $5,000,000 at the time the civil action was filed ... (or that the organization had) not more than 500 employees at the time the civil action was filed."[11] Assuming the KKK meets the financial eligibility requirement, the burden shifts to the federal government to prove that its "position" was "substantially justified" or "special circumstances" make an award unjust.
 
 
 12
 Neither the Act nor the legislative history provides a conclusive answer as to whether the "position" for which substantial justification must be shown is the United States' litigation position or the United States' posture in its pre-trial actions. See Alspach v. District Director of Internal Revenue, 527 F.Supp. 225, 228 (D.Md.1981). The test of whether or not a government action is substantially justified is essentially one of reasonableness. H.R.Rep.No. 96-1418, 96th Cong., 2d Sess. 10-11, reprinted in 1980 U.S.Code Cong. & Ad.News at 4989. Where the Government can show that its position had a reasonable basis both in law and fact, no award will be made. This standard represents a middle ground between an automatic award of fees and a restrictive position which would have required the prevailing party to show that Government action was "arbitrary, frivolous, and groundless." 1980 U.S.Code Cong. & Ad.News at 4993. The "special circumstances" exception provides a safety valve for the Government when it is advancing in good faith a credible, though novel, rule of law. Id.
 
 
 13
 This Court does not have before it adequate facts to determine whether the KKK meets the financial limitation requirement or whether the Government was substantially justified in its position. Furthermore, the basic role of this Court is merely to review a fee award or denial of an award under the EAJA, modifying it only if the failure to make the award, or the calculation of the amount of the award, was an abuse of discretion. 1980 U.S.Code Cong. & Ad.News at 5012-13.
 
 
 14
 This cause is therefore remanded to the district court to determine if the KKK qualifies under either the mandatory or discretionary provisions of the EAJA. IT IS HEREBY ORDERED that plaintiff submit an application for fees and other expenses to the district court within thirty days of the issuance of this mandate. See 28 U.S.C. § 2412(d)(1)(B).
 
 
 15
 The reconsideration of this Court's judgment in light of the EAJA does not affect this Court's prior determination that this cause should also be remanded to the district court to determine what amount, if any, of attorneys' fees reasonably may be assessed against the Board. Accordingly, this Court's remand for that purpose, as set forth in East Baton Rouge Parish, 643 F.2d at 1040-41, is reinstated.
 
 
 16
 REMANDED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 [1]
 The Supreme Court's order recites as follows:
 Nov. 30, 1981. On petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit. The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of Equal Access to Justice Act, Pub.L.No. 96-481, Sec. 201-08.
 
 
 [2]
 28 U.S.C. § 2412, recited in pertinent part:
 Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action.
 (emphasis added).
 
 
 [3]
 In 1975 the Board first granted and then rescinded permission for the KKK to use a high school gymnasium for a public meeting during nonschool hours. The Board's denial came after an HEW official advised the Board that HEW would institute legal action to cut off federal funds to the Board if the Board allowed the KKK to use public school facilities. The KKK filed suit on November 21, 1975, and, as summarized by this Court's previous opinion, eventually prevailed upon the merits:
 Following a hearing on April 20, 1976, the district court denied plaintiff's motion for preliminary and permanent injunctive relief, and dismissed the suit. The district court's order was reversed by this Court in Knights of the Ku Klux Klan, Realm of Louisiana v. East Baton Rouge Parish School Board, 578 F.2d 1122 (5th Cir. 1978).
 Following remand by this Court, the district court entered a judgment and injunction order that set general nondiscriminatory guidelines to which the Board must adhere in making its facilities available to the public. The court also permanently enjoined HEW "from interfering or attempting to interfere with (plaintiff's) use of school facilities." The order also stated that the costs of the proceeding were to be taxed against HEW.
 643 F.2d at 1036.
 
 
 [4]
 This Court nevertheless found that the Civil Rights Attorneys' Fees Awards Act of 1976 authorized fee awards against the Board, and remanded the case to the district court to determine what amount, if any, of attorneys' fees reasonably may be assessed against the Board. East Baton Rouge Parish, 634 F.2d at 1041
 
 
 [5]
 The Awards Act provides in relevant part:
 In any action or proceeding to enforce a provision of section (1983, 1985, 1986) the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [6]
 See also United States v. Bodcaw Co., 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979); Christianburg Garment Co. v. EEOC, 434 U.S. 412, 415, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978); Alyeska Pipe Line Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975)
 
 
 [7]
 Section 2412(b) recites, in pertinent part:
 (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
 
 
 [8]
 The application of these two exceptions can be quite complex. See Comment, The Equal Access to Justice Act: How to Recover Attorney's Fees and Litigation Expenses from the United States Government, 13 U.Tol.L.Rev. 149 (1981); Dods and Kennedy, The Equal Access to Justice Act, 50 UMKC L.Rev. 48 (1981); Comment, Theories of Recovering Attorneys' Fees: Exceptions to the American Rule, 47 UMKC L.Rev. 566 (1979)
 
 
 [9]
 Section 208 recites, in pertinent part:
 This title and the amendments made by this title shall take effect of (sic) October 1, 1981, and shall apply to ... any civil action or adversary adjudication described in section 2412 of Title 28, United States Code, which is pending on, or commenced on or after, such date.
 
 
 [10]
 The EAJA applies to certain adversary adjudications before government agencies, as well as civil actions. See 5 U.S.C. § 504 (West Supp.1981). In S & H Riggers & Erectors, Inc. v. OSHRC (S & H Riggers II ), 672 F.2d 426 (5th Cir. 1982), this Court declined to view an appeal of an agency adjudication as "pending" for purposes of applying the Act. It distinguished between proceedings at the agency level and proceedings on appeal because the Act referred only to "adversary adjudication" as defined in 5 U.S.C. § 504(b)(1) (C) and not to an appeal from such an adjudication. However, S & H Riggers II explicitly distinguished between an agency adjudication and a civil action:
 This is not so for proceedings before a district court versus proceedings on appeal. Our conclusion might differ in a nonagency case.
 S & H Riggers II at 428 n.3. See also Donovan v. Dillingham, 668 F.2d 1196, 1199 (11th Cir. 1982).
 
 
 [11]
 Under 5 U.S.C. § 504(b)(1)(B), parties in "adversary adjudications" before government agencies are only excluded from eligibility for mandatory attorneys' fees awards if they have a net worth exceeding $5,000,000 and have more than 500 employees