hostile attitude. This Court looks with disfavor upon such conduct.

**John DOE, Plaintiff,**

v.

**SECRETARY OF the AIR FORCE,
Defendant.**

**Civ. A. No. 80–3173.**

United States District Court,
District of Columbia.

June 29, 1984.

Daniel M. Schember of Gaffney, Anspach, Schember, Klimaski & Marks, P.C., Washington, D.C., for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Stanley S. Harris, U.S. Atty., Washington, D.C., at the time briefs were filed, Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. DiGenova, U.S. Atty., Brook Hedge, Stanley E. Alderson, and Vincent Garvey, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court for consideration is Plaintiff's Revised Motion for Attorneys' Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981), and the government's opposition thereto. On December 11, 1980, plaintiff filed an action in this court seeking to enjoin an administrative discharge proceeding convened to consider whether to discharge him from the Air Force for committing unlawful homosexual acts with the child of a fellow officer. On December 17, 1980, this Court determined that it lacked subject matter jurisdiction since the case was not ripe for review, and that plaintiff had failed to exhaust administrative remedies. As such, the Court denied plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and dismissed the complaint without prejudice. See Order of December 17, 1980. Plaintiff appealed to the D.C. Circuit and this Court denied plaintiff's motion for relief pending appeal. See Order of May 6, 1981. On May 6, 1981, the Secretary of the Air Force issued a final order discharging plaintiff from the Air Force under less than honorable conditions.[1]

Upon consent of the parties, the D.C. Circuit granted a motion by plaintiff Doe to remand the case back to the District Court where the Court accepted a "supplemental complaint" and cross-motions for summary judgment. On February 4, 1982, the Court held that the Air Force acted improperly when it discharged Plaintiff Doe under less than honorable conditions and ordered the Air Force to give plaintiff a general discharge. On February 26, 1982, the Court denied Plaintiff's Motion for Reconsideration.

On May 17, 1982, the Court stayed Plaintiff's Motion for an Award of Attorneys' Fees pending the completion of any appeal. On January 14, 1983, the D.C. Circuit affirmed this Court's February 4, 1982 decision. Judge MacKinnon dissented. See Doe v. Secretary of the Air Force, 701 F.2d 221 (D.C.Cir., 1983). Thereafter, plaintiff filed a motion for an award of attorneys' fees with the Court of Appeals. The D.C. Circuit denied that motion without opinion and subsequently denied plaintiff's motion for clarification and declined to give specific reasons for the denial of the attorneys' fees motion. Judge MacKinnon again dissented, noting that in his view, Doe was not a prevailing party in his appeal, and that the Air Force's position was "substantially justified" in the cross-appeal. Plaintiff filed a revised Motion for Attorney's Fees which is now before the Court for consideration.

Prior to the implementation of the EAJA, 28 U.S.C. § 2412 barred an award of attorneys' fees to the prevailing party in any civil action brought by or against the United States government, unless specifically provided for by statute. The EAJA made significant changes in 28 U.S.C. § 2412 that became effective on October 1, 1981. As amended, § 2412 still retains a general provision barring attorneys' fees and expenses against the federal government except as provided by statute, but adds a significant statutory exception in § 2412(d). That section provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]

---

**1.** Throughout this opinion, the Court will make reference to three types of military discharge which are, in decreasing order of honorability: honorable discharge, general discharge and discharge under less than honorable conditions.

**2.** Even if a prevailing party is not eligible for a mandatory attorneys' fee award under § 2412(d), EAJA § 2412(b) permits a court in its discretion to award fees and other expenses against the federal government to the same ex-

The government challenges plaintiff's right to attorneys' fees on several grounds including assertions that the EAJA is inapplicable because this case was not "pending" on October 1, 1981, that the plaintiff is not a "prevailing party" and that the government's position was "substantially justified".[3] The Court addresses these arguments in turn.

## SOVEREIGN IMMUNITY DOES NOT BAR AN AWARD OF FEES

■ The government argues that sovereign immunity bars the award of attorneys' fees because the services were performed prior to October 1, 1981, the effective date of the EAJA. *See* 5 U.S.C. § 504 note. The government cites no cases interpreting the EAJA to support its position and the Court finds that the weight of case authority supports the conclusion that as of October 1, 1981, this action was "pending." Absent any legislative history to the contrary, an action is "pending" so long as a party's right to appeal has not yet been exhausted or expired. *United States For*

*Heydt v. Citizens State Bank*, 668 F.2d 444, 446 (8th Cir.1982); *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 350–51 (D.D.C. 1982); *Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982), *aff'd*, 713 F.2d 1290 (7th Cir.1983); *Bradley v. School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board*, 679 F.2d 64, 68 (5th Cir.1982).[4] The EAJA's test for recovery of attorney's fees is whether the case was pending on or after October 1, 1981, and *not* when the fees were incurred. The Supreme Court has previously approved fee awards for work performed before the effective date of the applicable authorizing statute. *See Hutto v. Finney*, 437 U.S. 678, 694 n. 23, 98 S.Ct. 2565, 2575 n. 23, 57 L.Ed.2d 522 (1978) (Civil Rights Attorney's Fees Awards Act); *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 711–21, 94 S.Ct. 2006, 2016–22, 40 L.Ed.2d 476 (1974) (Educational Acts Amendments of 1972). On October 1, 1981, this action was clearly pending in the District Court and there is no prohibition in the EAJA against requesting fees for services rendered prior

tent it may award fees in cases involving other parties under the "common law". Under this provision, the federal government is subject to the "bad faith" and "common benefit/common fund" exceptions to the traditional "American Rule" that litigants bear their own costs, including attorneys' fees. In this case, plaintiff does not claim a right to attorneys' fees under any of these exceptions.

**3.** The government also claims that under the "law of the case", plaintiff is not entitled to fees because in denying plaintiff's request for attorneys' fees in the appellate court, the D.C. Circuit Court of Appeals "necessarily considered the same issues that this court would address regarding the award of attorneys' fees". *Defendant's Opposition to Plaintiff's Revised Motion For Attorneys' Fees*, at p. 2. The Court rejects this argument for two reasons. First, the Court of Appeals ruled upon plaintiff's motion for attorneys' fees *as related to the issues raised on appeal.* Therefore, the judicial determinations of whether plaintiff was a prevailing party and whether the government's position was substantially justified depended upon the appellate court's view of the issues and arguments pressed on appeal. Such considerations are different than those in the district court when the judicial

determinations must be made on the basis of all of the arguments and issues raised at the trial level. Furthermore, since the Court of Appeals denied plaintiff's motion without opinion, and declined to clarify the reasons for its opinion, this Court could not apply relevant "law of the case" because it is unclear from the record upon what basis the Court of Appeals denied plaintiff's fee application.

**4.** If Congress had wanted to eliminate the possibility of some retroactive relief, it could have used limiting language in the relevant section of the EAJA. Congress has used such limited language in other provisions in the EAJA such as § 2412(d)(1)(B) which provides:

[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses.... This provision has been interpreted to *not* extend beyond the entry of final judgment and thus a fee application filed thirty days after time for appeal has expired is untimely. *Action on Smoking and Health v. Civil Aeronautics Board*, 724 F.2d 211, 225 (D.C.Cir.1984); *Massachusetts Union of Public Housing Tenants v. Pierce*, 577 F.Supp. 1499, 1503 n. 3 (D.D.C.1984) (contrast-

to October 1, 1981, so long as they are part of an adversary adjudication.[5]

## PLAINTIFF DOE IS A PREVAILING PARTY UNDER THE EAJA

 The government additionally argues that plaintiff Doe is not a "prevailing party" as required under 28 U.S.C. § 2412(d)(1)(A). Recently, the Supreme Court identified the standard for determining whether a party meets this test:

> ... plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978); *Environmental Defense Fund v. Environmental Protection Agency*, 716 F.2d 915, 919 (D.C.Cir.1983).[6] Plaintiff Doe meets this test. Plaintiff alleged that his discharge from the Air Force violated his rights under the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment to the Constitution. He also alleged that the imposition of less than honorable discharge violated Air Force regulations. *See Doe v. Secretary of the Air Force*, 563 F.Supp. 4, at p. 5 (D.C.D.C.1982). Although this Court found that the Air Force did not violate Does's due process rights, the Court also found that the discharge of the plaintiff by the Air Force under other than honorable conditions was improper. *Id.* at p. 8. The Court held that the Air Force had made no showing that Doe's misconduct was service-related, and ordered that Doe be given a "general" discharge rather than one "under other than honorable conditions." *Id.*

Although the Court did not order the Air Force to grant plaintiff Doe an "Honorable Discharge," as Doe requested, the Court clearly granted Doe some of the relief he sought by bringing suit when the Court held the discharge on other than honorable conditions to be invalid and improper. Indeed, "a party may be deemed prevailing ... even if he does not ultimately prevail on all issues." S.Rep. No. 253, 96th Cong., 1st Sess. 7 (1979); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S. Code Cong. & Ad.News. 4953, 4990; *see* H.R.Rep. No. 1434, 96th Cong., 2d Sess. 21–2 (1980) (conference report). As such, under the circumstances presented in this case, plaintiff Doe was a "prevailing party" as that term is used in the EAJA.

## PLAINTIFF IS NOT ENTITLED TO AN AWARD OF FEES BECAUSE THE GOVERNMENT'S POSITION WAS SUBSTANTIALLY JUSTIFIED

 Despite the fact that plaintiff Doe was a "prevailing party" in a case "pending" on or after October 1, 1981, he is ineligible for an award of attorney's fees and expenses if the government persuades the Court that its position in this case was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Spencer v. NLRB*, 712

ing "pending" and "final" cases under the EAJA).

5. A different result is dictated by the case law with respect to administrative decisions on judicial review under the EAJA as compared with the Civil Rights Act of 1964, as amended. In this case, plaintiff seeks attorneys' fees and expenses for an underlying administrative proceeding in addition to the award for fees for this litigation. As of October 1, 1981, the underlying administrative decision had already been issued by the Secretary of the Air Force and the only issue remaining, according to the plaintiff, was the issue of fees to be determined upon judicial review. *Plaintiff's Revised Motion for an Award of Attorneys' Fees*, at p. 4.

The EAJA "clearly distinguishes", however, between proceedings at the agency level and proceedings on appeal and only proceedings before this Court are affected by the EAJA and form a basis for an award of attorneys' fees. *S & H Riggers and Erectors, Inc. v. OSHRC*, 672 F.2d 426, 428 (5th Cir.1982); *Tyler Business Systems Services, Inc. v. NLRB*, 695 F.2d 73, 77 (4th Cir.1982); *Ku Klux Klan*, 679 F.2d at 68 n. 10. As such, plaintiff is unable to claim attorneys' fees or expenses for the underlying administrative action which was not pending on October 1, 1981.

6. Although *Hensley* arose under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the Court expressly stated that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 103 S.Ct. at 1939 n. 7.

F.2d 539, 557 (D.C.Cir.1983) (burden is on government to show that position was substantially justified). The legislative history makes clear that this burden requires the government to meet a test slightly more stringent than one of reasonableness. *Cinciarelli v. Reagan,* 729 F.2d 801, 804 (D.C.Cir.1984); *Spencer,* 712 F.2d at 558 (discussing legislative history). In this circuit, the "position" that the government must show is substantially justified is its *litigation position,* and not the pre-litigation conduct giving rise to the lawsuit. *Del Manufacturing Co. v. United States,* 723 F.2d 980, 983 (D.C.Cir.1983).

Congress and the D.C. Circuit instruct this Court that "[w]here the Government can show that its case had a reasonable basis in both law and fact, no award will be made." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* U.S.Code Cong. & Admin.News 1980 pp. 4953, 4989; *Cinciarelli,* 729 F.2d at 805. Such a standard, however, "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing." H.R.Rep. No. 1418, at 11, U.S. Code Cong. & Admin.News 1980 p. 4990.

In *Spencer v. NLRB,* 712 F.2d 539 (D.C. Cir.1983), the D.C. Circuit identified three factors for a court to examine in determining whether the government's position was "substantially justified": the clarity of the governing law, the length/complexity of the litigation and the consistency of the government's position.[7] After full examination of the pleadings and the record in this case, it appears to the Court that the real issue here is whether the Government was "substantially justified" in arguing to the Court that this case was somehow distinguishable from the case of *Roelofs v. Secretary of the Air Force,* 628 F.2d 594 (D.C.Cir.1980). In *Roelofs,* the Court held that for a discharge under less than honorable conditions, the conduct forming the basis of the discharge must be "service-related." *Id.* at 598.

At the outset, it is important to note that neither party was entirely correct in their interpretations of the *Roelofs* case when compared to the final decision of this Court which was affirmed by the Court of Appeals. The Court did not adopt the Government's view that *Roelofs* permitted the Air Force to award plaintiff an other than honorable discharge for his commission of unlawful homosexual acts with a child. The Court also did not adopt plaintiff's view that the Air Force must award him an honorable discharge. The judicial determination was a "middle ground", representative of the reasonableness of the arguments of interpretation on *both* sides of the case. The government argued that the commission of homosexual acts with a child was service-related because it affected plaintiff's ability to perform effectively as an officer, because it worsened his relationship with his supervisor, and caused animosity among personnel since the child was a sibling of another officer. In addition, the government argued that homosexuality was *per se* incompatible with military service and thus inherently service-related.

These arguments are substantially justifiable arguments to make in light of *Roelofs.* The application of the law as set out in *Roelofs* is susceptible to varying degrees of application and interpretation. *See e.g., Doe v. Secretary of the Air Force,* 701 F.2d 221 (D.C.Cir.1983—J. MacKinnon, dissenting). Furthermore, the impermissible conduct existing in this case clearly involves a military serviceman's relationship with his fellow officers. It is unclear to what extent the conduct in *Roelofs* infected the serviceman's relationship with his fellow officers. Nevertheless, because the Court finds the government's position to be substantially justified, plaintiff's application of attorneys' fees is denied. An order in accordance with the foregoing will be entered on even date herewith.

---

7. Plaintiff Doe does not claim that the Air Force has been inconsistent in its position on discharging servicemembers for misconduct and thus cannot rely on this third factor as support for its position that the government's position was not substantially justified.