(No. 73053.—

HAMILTON COUNTY TELEPHONE COOPERATIVE *et al.*, Appellants, v. ROSE MALONEY *et al.*, Appellees.

*Opinion filed October 1, 1992.*

Duane D. Young and Laura Giannone Dietrich, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellants.

William S. Hanley and Irene H. Gainer, of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellee Rose Maloney.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellee Human Rights Commission.

JUSTICE MORAN delivered the opinion of the court:

Rose Maloney filed a charge of discrimination against her former employer, Hamilton County Telephone Cooperative and its board of directors (collectively, the cooperative), in which she alleged that she was terminated from her job on the basis of her age and physical handicap. Afterward, the Director of the Department of Human Rights filed a complaint with the Human Rights Commission (the Commission) alleging that the cooperative discharged Maloney because of her age and physical handicap in violation of the Illinois Human Rights Act (the Act) (Ill. Rev. Stat. 1983, ch. 68, par. 2—102(A)). After a hearing, an administrative law judge of the Commission issued an interim recommended order and decision in which he determined that Maloney sufficiently proved that she was unlawfully discriminated against because of her age and physical handicap. Later, in a recommended order and decision, the administrative law judge found that Maloney was entitled to back pay, benefits, reinstatement and legal fees. Thereafter, the cooperative filed with the Commission exceptions to the judge's recommended order and decision. A three-member panel of the Commission found the attorney-fee award flawed, but affirmed the judge's recommended order and decision in all other respects. On July 22, 1991, the Commission panel issued a supplemental order and decision. On August 21, 1991, the cooperative filed a petition for review of the Commission's order in the appellate court. The appellate court entered an order dismissing the petition because an application for rehearing had not been filed before the full Commission. (See *Castaneda v. Illi-*

*nois Human Rights Comm'n* (1989), 132 Ill. 2d 304.) This court allowed the cooperative's petition for leave to appeal (134 Ill. 2d R. 315(a)).

The issues presented for review are whether: (1) this court should overrule *Castaneda* and, thus, give retroactive effect to Public Act 87—371, effective January 1, 1992 (amending Ill. Rev. Stat. 1989, ch. 68, par. 8A—103(F)(1)); and (2) the instant case is a pending proceeding within the meaning of the amendment to section 8A—103(F)(1) of the Act.

The relevant background facts are as follows. Section 8—111(A) of the Act outlines how a party can obtain judicial review of a final order of the Commission.

> "(A)(1) Judicial Review. Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission entered under this Act by filing a petition for review in the Appellate Court within 35 days after entry of the order of the Commission, in accordance with Supreme Court Rule 335." Ill. Rev. Stat. 1989, ch. 68, par. 8—111(A)(1).

Supreme Court Rule 335 outlines the procedures that shall be followed when a party seeks direct review of an administrative agency order in the appellate court. (134 Ill. 2d R. 335.) Rule 335 expressly incorporates section 3—101 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101). (134 Ill. 2d R. 335(h)(2).) Section 3—101 provides, in relevant part, as follows:

> "In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing or other method of administrative review to be filed within a specified time (as distinguished from a statute which permits the application for rehearing or administrative review to be filed at any time before judgment by the administrative agency against the applicant or within a specified time after the entry of such judgment), and an application for such rehearing or review is made, no administrative decision of such agency shall be final as

to the party applying therefor until such rehearing or review is had or denied." Ill. Rev. Stat. 1989, ch. 110, par. 3—101.

In *Castaneda*, this court decided the question of whether a party must first apply for a rehearing before the entire Commission in order to render the decision of a three-member panel of the Commission final and reviewable. (*Castaneda*, 132 Ill. 2d at 308.) The court in *Castaneda* found that the legislature intended to adopt the common law exhaustion of remedies doctrine in the Administrative Review Law. (*Castaneda*, 132 Ill. 2d at 321.) The court then held as follows:

"The principles underlying the exhaustion of remedies doctrine require a party to seek an administrative remedy where one is still available and where seeking such a remedy will not lead to damage or unfairness to that party. As long as the full Commission hears the application for rehearing, there is a possibility that the panel decision will be overturned. The principles underlying creation of the Human Rights Commission require that the Commission, in its expertise, should be allowed every opportunity to dispose of complaints involving civil rights violations fairly and efficiently. Requiring the application for rehearing gives the Commission a second opportunity to fulfill that purpose. Allowing panel decisions to be appealable, however, skips over an available remedy and offends the legislative purposes in empowering the Commission.

This does not mean appellants' interpretation of section 3—101 is implausible. However, after close scrutiny using accepted methods of statutory construction, we have determined the ambiguities contained in section 3—101, combined with the policy considerations regarding the judicial review of administrative decisions contained in section 3—102, the exhaustion of remedies doctrine, and the Human Rights Act, mandate a conclusion that such an interpretation is contrary to the legislative intent underlying these statutes. *The General Assembly could choose to clarify section 3—101's ambiguities in a manner*

*more favorable to appellants' position. Until then, however, we must hold that a section 8—107(F) application for rehearing is required before a party aggrieved by a decision of the Commission can obtain judicial review.*" (Emphasis added.) *Castaneda*, 132 Ill. 2d at 323-24.

In the instant case, the cooperative, on August 21, 1991, filed a petition for review of the Commission's decision in the appellate court without first filing an application for a rehearing before the full Commission. Consequently, that court dismissed the cooperative's petition on the basis of this court's decision in *Castaneda*.

The legislature, in Public Act 87—371, effective January 1, 1992, amended section 8A—103(F)(1) of the Act so that it now provides:

"(1) Within 30 days after service of the Commission's order, a party may file an application for rehearing before the full Commission. The application shall be served on all other parties. The Commission shall have discretion to order a response to the application. *The filing of an application for rehearing is optional. The failure to file an application for rehearing shall not be considered a failure to exhaust administrative remedies. This amendatory Act of 1991 applies to pending proceedings as well as those filed on or after its effective date.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 68, par. 8A—103(F)(1).

The first issue raised is whether this court should overrule *Castaneda* and, thus, give the above amendment retroactive effect. The cooperative contends that this court misconstrued the intent of the legislature in *Castaneda* because Public Act 87—371 unquestionably demonstrates that the legislature intended that applications for rehearing before the entire Commission were not required before a party could obtain judicial review of a final Commission order; thus, the cooperative contends that "*Castaneda* must be recognized as overruled by in [*sic*] the legislature." Maloney and the Commission both maintain that the cooperative's argument must fail

because, given the separation of powers principles contained within the Illinois Constitution of 1970, the legislature is powerless to overrule judicial decisions. Despite the plain language of its initial brief, the cooperative contends on reply that it is not arguing that the amendment overruled the *Castaneda* decision; instead, it maintains that the amendment is indicative of the "true" intent of the legislature and, therefore, the amendment must be given effect by this court.

The legislative amendment to section 8A—103(F)(1) became effective January 1, 1992, over two years after *Castaneda* held "that [an] *** application for rehearing is required before a party aggrieved by a decision of the Commission can obtain judicial review." (*Castaneda*, 132 Ill. 2d at 324.) The rehearing requirement announced in *Castaneda* became the law in Illinois and "[w]hile the General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent (*Roth v. Yackley*, 77 Ill. 2d at 429), it cannot effect a change in that construction by a later declaration of what it had originally intended (*People v. Rink* (1983), 97 Ill. 2d 533, 541)." *Bates v. Board of Education, Allendale Community Consolidated School District No. 17* (1990), 136 Ill. 2d 260, 267.

The cooperative asks this court to overrule *Castaneda* because it contends that the amendment to section 8A—103(F)(1) clarifies what the legislature actually intended regarding the necessity of rehearings. Article II, section 1, of our constitution provides that "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) The legislature makes the laws and it is the role of the judiciary to interpret them. (*Roth v. Yackley* (1979), 77 Ill. 2d 423, 429.) We decline the cooperative's invitation to overrule *Castaneda*. To

countenance its argument would effectively make the General Assembly the court of last resort (*Roth*, 77 Ill. 2d at 429), thus invading the province of the judiciary in violation of the separation of powers principle contained in article II, section 1, of the Illinois Constitution of 1970. *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 204.

The second issue raised on appeal is whether the instant case constitutes a pending proceeding within the meaning of the amendment to section 8A—103(F)(1) of the Act. The cooperative, citing *In re Estate of Stith* (1970), 45 Ill. 2d 192, contends that a case is considered pending so long as the time for appeal has not passed. Maloney maintains that *Stith* is not supportive of the cooperative's argument because, when it failed to file a timely application for rehearing from the Commission's order, the time for appeal had expired.

In *Stith*, the court determined, within the context of section 17 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 17), that litigation is considered pending during "the 30-day period during which any party feeling himself aggrieved by the allowance of claims may appeal." (*Stith*, 45 Ill. 2d at 196.) In *Castaneda*, this court held that a party's right to appeal a Commission panel decision was conditioned on its filing a timely application for rehearing before the full Commission. Under the Act, the cooperative had 30 days within which to file an application for rehearing. (Ill. Rev. Stat. 1989, ch. 68, par. 8A—103(F)(1).) The cooperative did not file an application within the 30-day period. Therefore, the instant case cannot be considered a pending proceeding because the Commission panel decision was not appealable due to the passing of the deadline to file an application for rehearing.

The cooperative argues further that the instant case is a pending proceeding because "[t]he reasonable result *** is to adopt the plain, clear and unambiguous mean-

ings of words, which in turn gives rise to the clearest expression of legislative intent." The cooperative does not cite any authority to support this argument. This bare contention does not merit this court's consideration. *People ex rel. Aldworth v. Dutkanych* (1986), 112 Ill. 2d 505, 511.

For the foregoing reasons, the order of the appellate court, dismissing the cooperative's appeal to that court, is affirmed.

*Affirmed.*