668 F.2d 1196
 3 Employee Benefits Ca 1073
 Raymond J. DONOVAN, Secretary of the United States
Department of Labor, Plaintiff-Appellant-Cross Appellee,
v.
C. H. DILLINGHAM, C. H. Dillingham, III, W. Lamar Mathis,
National Administrators, Inc., and Time Control,
Inc., Defendants-Appellees-Cross Appellants.
 No. 80-7879.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 22, 1982.
 
 Margaret M. Topps, Norman P. Goldberg, Louis L. Joseph, Edward A. Scallet, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant-cross appellee.
 Lloyd A. Fox, Law Firm of Stokes & Shapiro, Atlanta, Ga., for defendants-appellees-cross appellants.
 Appeals from the United States District Court For the Northern District of Georgia.
 Before GODBOLD, Chief Judge, RONEY and WOOD*, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 The district court held that this ERISA case[1] is controlled by Taggart Corp. v. Life & Health Benefits Administration, 617 F.2d 1208 (5th Cir. 1980), cert. denied sub nom. Taggart Corp. v. Efros, 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981) and dismissed for lack of subject matter jurisdiction. We agree that we are bound by Taggart and affirm.[2]
 
 
 2
 The Secretary of Labor, pursuant to his authority under ERISA, brought this action against the trustees of Union Insurance Trust (UIT) alleging that they are fiduciaries and subject to the fiduciary responsibility provisions contained in Part 4 of Title I of ERISA. UIT is a multi-employer insurance trust. It secures a group health insurance policy from a large insurance company, then, by arrangement with UIT, employers having employee benefit plans purchase insurance coverage for the benefit of their covered employees, and the employees are covered under the umbrella of the policy that has been issued to UIT. The employee benefit plans pay "premiums" to UIT, which in turn pays to the insurer the premiums it has agreed to pay for the umbrella policy. Allegedly UIT retains the difference between what it receives and what it pays.
 
 
 3
 In Taggart the sole employee of Taggart Corp., the employer that had subscribed to SMET, claimed benefits from SMET's insurer, and the insurer denied coverage because of alleged misrepresentations in the insurance application made by Taggart's employee. The employee sued the carrier, asserting jurisdiction under 29 U.S.C.A. § 1002(1) (West 1975). The district court held that SMET was not a "plan, fund, or program," within the meaning of § 1002(1) and dismissed for lack of subject matter jurisdiction. On appeal the Fifth Circuit affirmed.
 
 
 4
 The Secretary seeks to avoid Taggart on several grounds. He asserts that its basis of decision was that there really was no "plan, fund, or program," but only an individual purchase of insurance for one employee carried out as a tax dodge. The claimant in Taggart was indeed the sole employee and a substantial stockholder and only he and his family were covered. But this simply was not the rationale of the case.
 
 
 5
 Second, the Secretary asserts that there is a "program" or "programs" existing in the present case consisting of the separate determination by each employer to provide benefits to its employees and to secure these benefits through subscribing to UIT. Taggart held "that neither SMET nor Taggart's subscription to SMET constitutes a 'plan, fund, or program,' within the meaning of 29 U.S.C.A. § 1002(1) (West 1975) ...." The present argument is merely a restatement of the theory, foreclosed by Taggart, that the employer's entering into an arrangement with the multiple employer trust constitutes a "program."
 
 
 6
 Defendants have cross appealed from the district court's denial of attorney fees. We agree with the district court that 29 U.S.C. § 1132(g) does not authorize attorney fees against the government in this case. That subsection authorizes the court to award fees to either party "in any action under this subchapter by a participant, beneficiary, or fiduciary." This is not such an action, and we are not willing-if indeed we can-to imply a waiver of sovereign immunity from the government's contention that it brought this suit to protect the interest of participants in and beneficiaries of the plan.[3]
 
 
 7
 The district court properly refused to award fees under its inherent equitable power to punish obdurate or vexacious conduct. Assuming that there is a "bad faith" exception to 28 U.S.C. § 2412,[4] invocation of such an exception was properly denied in this instance. Appellees state that the government did not advise the district court that Taggart, a similar case, was pending before the former Fifth Circuit and that the government had filed an amicus brief therein. Assuming this to be correct, it would have been better if the government had advised the district court. But the government was not required, as appellees urge, to come forward and seek a stay of this case pending decision in Taggart, nor was it required to concede that the decision in Taggart, whenever rendered, would control the result in this case.
 
 
 8
 On appeal appellees raise for the first time a contention that they are entitled to fees under the Equal Access to Justice Act, P.L. 96-481, 94 Stat. 2325, adopted October 21, 1980, and effective October 1, 1981. Under § 208 this Act applies to actions pending October 1, 1981. Final judgment was entered in this case August 28, 1980. Motion for attorney fees was filed September 24, 1980, some 11 months before the effective date of the Act. We pretermit whether an action on appeal is "pending" within the meaning of the Act and whether, if pending, the Act would permit the award of attorney fees for services rendered before the effective date of the Act, because, under both prongs of § 204(a) of the Act, 28 U.S.C.A. § 2412 (West Supp.1981), an award of fees for services performed in the district court is not appropriate in this case. For reasons already stated, an award is not appropriate under § 2412(b), which makes the United States liable for fees to the extent any other party would be liable at common law. Appellees also were not entitled to attorney fees under the nondiscretionary section of the statute, 28 U.S.C.A. § 2412(d) (1)(A) (West Supp.1981).[5] The position of the United States was "substantially justified" because the United States could not be expected to anticipate the holding or the basis of the holding in Taggart.
 
 
 9
 With respect to attorney fees on appeal, the position of the United States was "substantially justified." Among other reasons, it was not certain whether the present case, arising from Georgia, which would fall in the new Eleventh Circuit, (and decided after October 1, 1981, the birthdate of the new circuit) would be controlled by Taggart.
 
 
 10
 Thus we AFFIRM the judgment of the district court dismissing for lack of subject matter jurisdiction, and AFFIRM the district court's denial of attorney fees. Considering the supplemental brief of the appellees as a petition for attorney fees for services on appeal, the petition is DENIED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Circuit Judge for the U. S. Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq
 
 
 [2]
 The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit handed down before October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)
 
 
 [3]
 Natural Resources Defense Council, Inc. v. EPA, 484 F.2d 1331 (1st Cir. 1973), does not support an award of fees under § 1132(g). That case involved a provision of the Clean Air Act, 42 U.S.C. § 7604 (originally codified at 42 U.S.C. § 1857h-2), allowing an award of attorney fees against "any party." The statute specifically authorized suits with the government as a party; thus the court held that "any party" included the government when it was a party. 29 U.S.C. § 1132 throughout distinguishes the Secretary from a participant, beneficiary, or fiduciary
 
 
 [4]
 42 U.S.C. § 2412 at the time of trial authorized a court to award costs but not attorney fees to the prevailing party in a civil action brought by or against the United States. As amended by the Equal Access to Justice Act, P.L. 96-481, § 2412(b) permits a court in its discretion to award attorney fees to the prevailing party. The United States shall be liable for such fees to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. The "bad faith" exception is a common law exception to the American Rule of no attorney fees
 
 
 [5]
 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1981) reads:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 Under § 2412(d)(2), appellees are "parties" and appellant is the "United States."