Accordingly, we AFFIRM the judgment of the district court.

**William E. BROCK, Secretary of the United States Department of Labor, Plaintiff-Appellant,**

v.

**Dennis WALTON, et al., Defendants-Appellees.**

No. 85-5641.

United States Court of Appeals, Eleventh Circuit.

July 21, 1986.

Rehearing and Rehearing En Banc Denied Sept. 19, 1986.

Stephen J. Kessler, Louis L. Joseph, U.S. Dept. of Labor, Washington, D.C., Leon B. Kellner, U.S. Atty., Marc Fagelson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

Jayne E. Zanglein, Pompano Beach, Fla., Gerald M. Feder, Nik B. Edes, Washington, D.C., for defendants-appellees.

Before RONEY and CLARK, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

The Secretary of Labor brought this appeal for the purpose of obtaining a decision as to whether the requirement that ERISA trustees charge a "reasonable rate of interest" on loans to pension plan participants means they must charge "the prevailing or market rate of interest." Holding that the two terms are not synonymous and that a reasonable rate of interest may be below the prevailing market rate, we affirm the decision of the district court that the defendant trustees did not violate their fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 *et seq.*

Although this case involved many issues as to the conduct of the trustees of the Operating Engineers Local 675 Pension Fund, the only issue appealed by the Secretary centers around the Fund's program to make available to Fund participants first mortgage loans on residential property under specified conditions.[1] The program's rules provided that the loans were to carry interest at a rate 2⅛ percentage points below the "prevailing rates in the community."[2]

The prohibition of ERISA § 406(a)(1)(B) against mortgage loans to Plan participants, as employees of contributing employers, is exempted for certain loans, if, among other requirements, they bear a reasonable rate of interest.[3] There

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. The district court's opinion recited:
   Every borrower had to prove he was creditworthy and financially stable, and each loan was secured by a first mortgage on the principal residence of the mortgagor. Additionally, title to each property was marketable and insurable; no loan was assumable unless specifically permitted by the Trustees; no loan exceeded ninety-five percent of the appraised value of the property; each borrower had to secure mortgage insurance if his down payment was less than twenty percent of the appraised value; and a mortgagor-borrower had to assign his accrued pension benefits to the Plan as additional loan security.

2. The nine loans instituted in 1980 carried interest rates of 10⅜ or 10¾%. All 31 loans instituted in 1981 carried 11% rates.

3. The prohibitions provided in section 1106 of this title shall not apply to any of the following transactions:
   (1) Any loans made by the plan to parties in interest who are participants or beneficiaries

is no contention that these loans did not meet the other requirements. The controlling question is whether the ERISA statutory requirement of a reasonable rate requires the trustees to charge the prevailing market rate.

The Secretary contends that "reasonable rate" required by the statute must be read to mean the rate prevailing in the relevant market. The Secretary points us to several revenue rulings predating ERISA which allegedly state that for the purposes of the Internal Revenue Code treatment of pension plans, "reasonable rate" means "prevailing rate." The Secretary would have us apply this law to the interpretation of ERISA § 408(b)(1) because of a fleeting statement in the legislative history that the provision "follow[s] current practice." We cannot draw that inference from such an unclear legislative history. Congress is intimately familiar with how to use the words "prevailing rate" when it means to apply that standard. *E.g.*, the Service Contract Labor Standards Act, 41 U.S.C.A. § 351 *et seq.*; the Davis-Bacon Act, 40 U.S.C.A. § 276a *et seq.*; *cf.* I.R.C. § 6621(c) ("average predominant prime rate").

■ The Secretary only submitted evidence that the Fund charged interest rates lower than those prevailing on certain mortgage loans by major commercial banks and savings and loans in the South Florida area. The Secretary relied almost exclusively on a Federal Home Loan Bank Board survey which demonstrates that interest rates on certain mortgage loans at major financial institutions in the South Florida area were several points above the program's rates. Since we hold that a reasonable rate may be different from the prevailing or market rate, that evidence alone is insufficient to show that the trustees of a retirement plan have not made their loans at rates which "bear a reasonable rate of interest."

■ For similar reasons, we hold that the Secretary has failed to produce sufficient evidence that the trustees violated the prudent investor rule by which they are bound. ERISA § 404(a)(1)(A) and (B), 29 U.S.C.A. § 1104(a)(1)(A) and (B). In developing the program, the trustees consulted with lawyers, accountants, actuaries, and mortgage bankers over a six-month period in 1979. The trustees examined loan rates charged by major commercial financial institutions in the area and determined that if they applied those rates they would have virtually no loan activity. The trustees also considered the rates of nontraditional mortgage loans in the area, such as owner financed loans. Each borrower's employment background was examined, and in addition to pledging their accrued pension benefits, borrowers whose equity was less than 20% were required to obtain mortgage insurance. The interest rates established were at a higher rate of return than any of the other assets in the Fund's portfolio and were in excess of the Fund's actuarial and funding requirements. The loans accounted for about 10% of the portfolio.

The Secretary has presented no evidence of imprudence except as to the differential in the rate of interest. There is little question that a rate could be so far below the market rate that it could not be justified as being in the best interest of the plan or within the realm of prudence, but such is not the case here. This case is quite unlike other cases involving self-dealing or preferential loans to plan officers where the trustees run afoul of the rule prohibiting transactions with "parties in interest." ERISA § 406(a)(1)(B), 29 U.S.C.A. § 1106(a)(1)(B). Having failed to offer further evidence, summary judgment against the Secretary and in favor of the trustees was justified.

AFFIRMED.

___

of the plan if such loans (A) are available to all such participants and beneficiaries on a reasonably equivalent basis, (B) are not made available to highly compensated employees, officers, or shareholders in an amount greater than the amount made available to other employees, (C) are made in accordance with specific provisions regarding such loans set forth in the plan, (D) bear a reasonable rate of interest, and (E) are adequately secured.
ERISA § 408(b)(1), 29 U.S.C.A. § 1108(b)(1).