**William B. BROCK, Secretary of the United States Department of Labor, Plaintiff,**

**v.**

**Dennis WALTON, et al., Defendants.**

**No. 81–6281–Civ.**

United States District Court, S.D. Florida, N.D.

June 22, 1987.

Gerald Feder, Feder & Associates, Washington, D.C., for defendants.

Stephen J. Kessler, U.S. Dept. of Labor, Office of Sol., Plan Benefits Sec. Div., Washington, D.C., for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motions of the defendants, Dennis Walton, et al., for fees and costs[1] for the district court proceedings and supplemental motion for fees and expenses for the appeal of this cause to the Eleventh Circuit. The court also has before it the motion of the plaintiff, the United States, for leave to serve supplemental interrogatories.

### FACTS

The facts of this case have been exhaustively reported by this court at 609 F.Supp. 1221 and also reported by the Eleventh Circuit at 794 F.2d 586. This action was brought by the Secretary of Labor under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, against the defendants, Trustees, for alleged violations of ERISA. The Secretary charged that the Trustees "breached their fiduciary duties to the Fund's participants and beneficiaries by constructing and financing an Administration Building on Fund property and leasing space therein to the Union; by sponsoring a home mortgage loan program with Fund money; and by paying the Union for 'in kind' services its members performed on the Fund's behalf." *Donovan v. Walton,* 609 F.Supp. 1221, 1224 (S.D.Fla.1985), *aff'd per curiam,* 794 F.2d 586, 587 (11th Cir. 1986). The court entered judgment in behalf of the defendants, Trustees, in all respects on May 31, 1985. *Id.* at 1248. This court found that the Trustees "did not breach their fiduciary duties to the Pension Fund and its participants and beneficiaries by constructing the Administration Building using contractors who contributed to the Fund, by financing the construction

1. Costs in this case have been awarded by prior order of the court.

with its own money, and by leasing space in the Building to the Union." *Id.*

This court was affirmed by the Eleventh Circuit on the question of whether ERISA requires trustees to charge the prevailing of market rate of interest on loans to pension plan participants. This was the only issue raised on appeal. The Eleventh Circuit found that the requirement that ERISA trustees charge a "reasonable rate of interest" does not prevent these trustees from loaning money at below the market rate. *Brock v. Walton*, 794 F.2d 586, 587 (11th Cir.1986) (per curiam).

As prevailing parties within the meaning of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b) and (d), the defendants, Trustees, seek fees for both the district court action as well as the fees for the appeal of this cause. The defendants have moved for the award of attorneys' fees pursuant to specific provisions of EAJA, 28 U.S.C. § 2412(b) and § 2412(d). The court addresses each subsection of the relevant statute below.

### 28 U.S.C. § 2412(b)

Subsection (b) of section 2412 permits awards against the government "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). The court has discretion to award fees to the prevailing party under subsection (b). *Id.* The defendants rely on 29 U.S.C. § 1132(g)(1), Rule 11 of the Federal Rules of Civil Procedure, and the bad faith exception to the American Rule as support for their claim for fees, pursuant to 28 U.S.C. § 2412(b).

■ The underlying statute upon which the defendants rely is § 502(g) of ERISA, 29 U.S.C. § 1132(g)(1). This subsection authorizes the court to award fees for "any action under this subchapter ... by a participant, beneficiary or fiduciary." 29 U.S.C. § 1132(g)(1). This action does not fall within the coverage of section 1132(g)(1). The action herein was brought by the government and not by a participant, beneficiary or fiduciary. Hence section 1132(g)(1) does not authorize attorneys' fees against the government when the government initiated the action. *Donovan v. Dillingham*, 668 F.2d 1196, 1198 (11th Cir.1982), *modified on other grounds on rehearing en banc*, 688 F.2d 1367 (11th Cir.1982).

The defendants also seek fees under section 2412(b) of EAJA, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the bad faith exception. Rule 11 of the Federal Rules of Civil Procedure requires that an attorney shall not bring nor maintain an action unless "reasonable inquiry" demonstrates that the case is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that [the case] is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R. Civ.P. 11

■ Although the government's position was ultimately rejected by this court, there does not exist sufficient justification on the facts of this case to award fees under Rule 11. The government's legal and factual position while not the prevailing position was sufficient to pass the requirements of Rule 11.

The court reaches the same conclusion with respect to the defendants' argument that the government acted in bad faith in bringing and prosecuting this action. For claims of "bad faith" the court must look to the " 'conduct and motive of a party rather than to the validity of the case.' " *Rothenberg v. Security Management Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir.1984) (citations omitted). Under the bad faith exception there must be evidence that the claims are "entirely without color and [have] been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Browning Debenture Holders Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2nd Cir.1977). This standard has not been met by the Trustees. Although the government's position did not prevail, there is not sufficient evidence of

vexatious or oppressive behavior necessary to support a claim for fees under the bad faith exception.

### 28 U.S.C. § 2412(d)

■ Subsection (d) of section 2412 requires the court to award fees unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). Substantial justification is to be determined "on the basis of the record." 28 U.S.C. § 2412(d)(1)(B). The record includes the record of the agency's action or inaction, from which the court action evolved. *Id.* Under subsection (d), the burden rests with the government to demonstrate substantial justification for its conduct. *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

To withstand a motion for attorneys' fees under subsection (d), the government must show " 'that its case had a reasonable basis both in law and fact.' " *Id.* (quoting H.R. Rep. No. 1418 at 10, U.S.Code Cong. & Ad.News 1980, 4953, 4989; S.Rep. No. 253 at 6.) In the context of EAJA, reasonableness means more than "mere reasonableness." *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1497 (11th Cir.1986), *vacated in part on other grounds*, 804 F.2d 1573 (11th Cir.1986). However, "[t]he fact that the government lost its case does not raise a presumption that the government's position was substantially justified." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

■ The court has carefully reviewed the record in this action, together with the various memoranda submitted by the parties and concludes that while the government's position was rejected by the court, there was a substantial basis in both fact and law for the action taken by the government. The questions as to whether ERISA requires trustees to charge the prevailing market rate for interest on loans made to plan participants; whether the construction of the office building and the terms of the lease on the building were in violation of certain provisions of ERISA; and whether

payment for "in kind" services performed by the Union's employees on the Fund's investment was permissible, were questions requiring substantial judicial labor and were not easily dismissed as suggested by the defendants. Moreover, the court's irritation at certain points in the proceedings with the government counsel for counsel's inability to adhere to the court's rulings does not lead to the conclusion that the government's position was not substantially justified. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. That the motion of the defendants, Dennis Walton, et al., for fees for the district court proceedings, be and the same, is DENIED.

2. That the supplemental motion of the defendants, Dennis Walton, et al., for fees and costs for the appeal of this cause, be and the same, is DENIED, without prejudice to renew in the Eleventh Circuit. *See United States v. Certain Real Property*, 628 F.Supp. 1467, 1472 (S.D.Fla.1985).

3. That the motion of the plaintiff, the United States, for leave to serve supplemental interrogatories, be and the same, is DENIED.