944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas COSGROVE, husband, on his own behalf and on behalf of
all others similarly situated, Matilda June Cosgrove, wife,
on her own behalf and on behalf of all others similarly
situated, Plaintiffs-Appellants,
v.
CIRCLE K CORPORATION, a Texas corporation, Circle K
Convenience Stores, Inc., a Texas corporation;
Fred Hervey, et al., Defendants-Appellees.
Thomas COSGROVE, husband, on his own behalf and on behalf of
all others similarly situated, Matilda June Cosgrove, wife,
on her own behalf and on behalf of all others similarly
situated, Plaintiffs-Appellees,
v.
CIRCLE K CORPORATION, a Texas corporation, Circle K
Convenience Stores, Inc., a Texas corporation; Fred Hervey,
et al., Millard O. Orick, Bill J. Farmer, Robert Hutchinson,
Fred Hervey Interests Employees Retirement Plan,
Defendants-Appellants.
Thomas COSGROVE, husband, on his own behalf and on behalf of
all others similarly situated, Matilda June Cosgrove, wife,
on her own behalf and on behalf of all others similarly
situated, Plaintiffs-Appellants,
v.
VALLEY NATIONAL BANK, Defendant,
and
Charles SHOUMAKER, Karl Eller, H.R. Fenstermacher, W.A.
Franke, Dean P. Guerin, John P. Harbin, Carl H. Lindner,
Keith E. Lindner, Robert M. Reade, A. Jerry Busby, Jane Doe
Shoumaker, wife, Jane Doe Eller, wife, Jane Doe
Fenstermacher, wife, Jane Doe, wife, Jane Doe Guerin, wife,
Jane Doe Harbin, wife, Jane Doe Lindner, wife to Keith E.
Lindner, Jane Doe Reade, wife, Defendants-Appellees.
 No. 90-15881.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1991.
Decided Sept. 19, 1991.
 
 Before D.W. NELSON, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Cosgrove (Cosgrove) brought these related actions against various entities and individuals who were alleged to have been involved in the transfer of assets of the Fred Hervey Interests Employee Retirement Plan (the Plan) to Circle K Corporation (Circle K) and others. Cosgrove was a participant in the Plan, which had been created for the benefit of the employees of Circle K. He claimed that the Plan's fiduciaries engaged in prohibited transactions and acted improvidently in making the transfers. The district court (Honorable Jack E. Tanner, District Judge, Presiding) granted summary judgment to all of the defendants in the action against Circle K and others (the Circle K appellees). Following that the district court (Honorable Richard M. Bilby, Chief Judge, Presiding) granted summary judgment to all of the defendants in the action against Valley National Bank and others (the VNB appellees) on grounds that the judgment in the Circle K action was res judicata in the Valley National Bank action.
 
 
 3
 Cosgrove appeals from both judgments. The Circle K defendants appeal from the denial of attorneys fees. We reverse the judgments against Cosgrove.
 
 
 4
 The salient facts can be stated succinctly. The Plan held 91 convenience store properties. The Plan owned twelve of them outright and owned a fee interest in the land upon which 79 other stores were located. The 79 stores were subject to a lease to Circle K under which the Plan would receive only $100 per month until 1998 at the earliest, but the period could have been extended to 2013 if options to renew were exercised by Circle K. In 1986 the Plan sold all 91 stores to Circle K. Three other properties were disposed of in a transfer to the Sun World Plan. The Plan's interest in the 79 stores was sold to Circle K for $2,550,000, and Circle K also paid off a mortgage in the amount of $117,168.43. The other twelve stores were sold to Circle K for $1,843,700. On that same date Circle K combined 75 of the stores with 170 others it already held and sold the whole package for $36,400,000 on a sale-leaseback agreement.
 
 
 5
 Cosgrove claims that the sale from the Plan to Circle K was a prohibited transaction. 29 U.S.C. § 1106(a)(1). It was, unless the appellees can show that the transaction was exempt because, among other things, it was made for an adequate consideration. 29 U.S.C. § 1108(e). Appellees bear the burden of proof on this issue. See Donovan v. Cunningham, 716 F.2d 1455, 1467 n. 27 (5th Cir.1983) cert. denied, 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984); Marshall v. Snyder, 572 F.2d 894, 900 (2d Cir.1978). In asking for summary judgment on this issue the Circle K appellees essentially contented themselves with showing that the Plan was paid the amount shown on an appraisal done by Wendell L. Montandon. That appraisal purported to be based upon an income stream theory which did not necessarily account for the unique value that the Plan's interest might have to Circle K itself. Cosgrove's appraiser pointed that out.
 
 
 6
 The Circle K appellees have made no effort whatever to indicate what the Plan fiduciaries did with or about that appraisal besides slavishly following it. Cf. Cunningham, 716 F.2d at 1473-74. In fact, no direct evidence whatever of the Plan fiduciaries' activities on behalf of the Plan and its participants was presented to the district court. The only evidence before the district court showed that the sale was made at a value which may or may not have reflected adequate consideration to the Plan for the assets it was selling, especially in the light of the unique interest that Circle K had in acquiring those assets[1]. Thus, the summary judgment on this issue cannot stand.
 
 
 7
 Cosgrove further contends that the Plan fiduciaries violated their general fiduciary duties in a number of respects. 29 U.S.C. § 1104. Cosgrove bore the burden of proof on this issue. See Donovan v. Mazzola, 716 F.2d 1226 (9th Cir.1983) cert. denied, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984) (proposition not stated, but court's discussion appears to assume it). See also Fink v. National Sav. & Trust Co., 772 F.2d 951, 958 (D.C.Cir.1985); Donovan v. Walton, 609 F.Supp. 1221, 1238 (S.D.Fla.1985), aff'd, 794 F.2d 586 (11th Cir.1986). In our opinion, Cosgrove put forth sufficient evidence to sustain that burden. Among other things, he submitted evidence to show that: (1) the fiduciaries apparently relied wholly upon the Montandon appraisal; (2) the Montandon appraisal had serious defects that should have been obvious; (3) the fiduciaries undoubtedly knew that Circle K was planning to reap an enormous profit once it acquired the Plan's interest in the stores; (4) the fiduciaries breached their agreement that they would submit any appraisal methodology to the court and to the participants in the Plan[2]; and (5) Circle K did in fact use the acquired interests, together with interests that it already had, to make a very profitable transaction.
 
 
 8
 It is not always true that where there is smoke there is fire, but this evidence was enough to allow a glimpse of the flames themselves[3]. It was enough to avoid summary judgment. Of course, we would be more comfortable if we had the words of the fiduciaries and other participants in the sale before us. We do not, but we assume that deficiency will be corrected in later proceedings before the district court.
 
 
 9
 The discussion up to this point has not concerned the three properties which were transferred to the Sun World Plan. Cosgrove presented no evidence about that, but he did ask for a continuance so that he could do further discovery. The district court never ruled on that request. That failure requires that we reverse the summary judgment in this respect and remand so that the court can exercise its discretion. See Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1265 (10th Cir.1984).
 
 
 10
 Finally, it is clear that the summary judgment in favor of the VNB appellees, based as it was on res judicata principles, must fall with the judgment in favor of the Circle K appellees.
 
 CONCLUSION
 
 11
 The nature of the transactions in this case would cause anyone to sit up and take notice. We do not hold that there was wrongdoing. Indeed, even our statements regarding the facts are subject to the caveat that this is how the facts appear at this juncture. We do not mean to have those statements control the course of future proceedings in this case. However, Cosgrove is now entitled to proceed.[4]
 
 
 12
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While adequate consideration refers to fair market value (29 U.S.C. § 1002(18)), the fiduciary must determine that in good faith and ought not be able to ignore the influence of the fact that someone has a great desire for the asset
 
 
 [2]
 In prior litigation, sometimes referred to as the Bret litigation, it was agreed that: "With regard to future valuations of the Subject Assets, Defendants will propose to the court a plan for such valuations, and will ask the court to approve such plan as complying with ERISA. Plaintiffs and the Class reserve the right to contest the propriety of any such plan." By breaching that agreement the fiduciaries wilfully cut themselves off from any advice or concerns that the most interested parties--Plan participants--and the court might have expressed about the price at which the transaction, if any, should take place
 
 
 [3]
 It takes no economics hierophant to realize that when one person has something another dearly wants, the other may have to pay dearly for it
 
 
 [4]
 Of course, the Circle K appellees' own appeal from the denial of attorneys fees is moot in light of our disposition of Cosgrove's appeal