# Illinois Official Reports

## Appellate Court

*Lashever v. Zion-Benton Township High School*,
2014 IL App (2d) 130947

| | |
|---|---|
| Appellate Court Caption | LAURA LASHEVER, Plaintiff-Appellant, v. ZION-BENTON TOWNSHIP HIGH SCHOOL, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-13-0947 |
| Filed | July 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by a school psychologist under the Whistleblower Act seeking damages for the retaliation she suffered after reporting a school counselor's failure to report an allegation that a student had been sexually abused by a family member, the trial court properly dismissed the suit on the ground that it was barred by *laches*, notwithstanding her contention that *laches* did not apply where she sought no equitable relief, since plaintiff only sought back pay, not reinstatement, and *laches* is available when a discharged public-sector employee seeks back pay, regardless of whether reinstatement is sought. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 13-L-230; the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Howard Peritz, of Deerfield, for appellant.<br><br>A. Lynn Himes, Kevin B. Gordon, and Parker R. Himes, all of Scariano, Himes & Petrarca, Chtrd., of Chicago, for appellee. |

| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Hutchinson and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Laura Lashever, appeals from the dismissal, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2012)), of her lawsuit against defendant, the Zion-Benton Township High School, seeking damages resulting from defendant's alleged violation of section 15 of the Whistleblower Act (740 ILCS 174/15 (West 2012)). Defendant moved for dismissal on the basis that the lawsuit was barred by *laches*. Plaintiff argues on appeal that, because she sought no equitable relief, the defense of *laches* does not apply. We affirm.

¶ 2    Plaintiff filed her complaint on April 1, 2013. She alleged that in August 2001 she was hired by defendant for the position of school psychologist. In November 2011, she became aware that a student approached a teacher and related having been sexually abused by a family member. The teacher had the student report the alleged abuse to a school counselor. The counselor was legally required to report the alleged abuse to the Department of Children and Family Services (DCFS) (see 325 ILCS 5/4 (West 2010)), but failed to do so. Plaintiff alleged that, at a meeting with her supervisor and other school employees, she mentioned the counselor's failure to report the alleged abuse. Plaintiff alleged that her supervisor reprimanded her for raising the matter. Eventually, plaintiff reported the alleged abuse to DCFS. According to the complaint, defendant's agents retaliated by drastically curtailing her responsibilities and baselessly accusing her of unprofessional behavior toward coworkers. Plaintiff alleged that the conduct of defendant's agents created a hostile work environment and caused her to resign on August 31, 2012. According to plaintiff, the conduct of defendant's agents violated the Whistleblower Act, which prohibits an employer "[from] retaliat[ing] against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b) (West 2012).

¶ 3    Plaintiff alleged that she had previously announced her intent to retire at the end of the 2015-16 school year. As damages for defendant's alleged misconduct, plaintiff sought compensation for the salary she would have received under a collective bargaining agreement for the 2012-13, 2013-14, and 2014-15 school years. She also claimed that had she continued to work those years her annual pension benefit upon retirement would have increased by approximately $6,600 and that, based on a life expectancy of 90 years, she was entitled to damages for lost pension benefits totaling roughly $185,000. In addition, plaintiff sought punitive damages. Plaintiff did not seek reinstatement to her position.

¶ 4    Defendant filed a combined motion under sections 2-615 and 2-619(a)(9) of the Code (735 ILCS 5/2-615, 2-619(a)(9) (West 2012)), seeking to dismiss the action or, alternatively,

to strike plaintiff's request for punitive damages. In support of its request for dismissal pursuant to section 2-619(a)(9), defendant argued that plaintiff's lawsuit was barred by *laches* because there was an unreasonable delay of seven months from when plaintiff resigned until she filed suit and, during that period, defendant had engaged an independent contractor to perform the services that plaintiff had performed. The trial court granted the motion, dismissing the action. This appeal followed.

¶ 5 As noted, this appeal is before us for review of the trial court's ruling on a motion to dismiss under section 2-619(a)(9) of the Code. Section 2-619 provides that, within the time for pleading, a defendant may move for involuntary dismissal of a claim on the basis of any of various enumerated defenses or, under subsection (a)(9), on the basis of "other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2012)). For purposes of section 2-619(a)(9), affirmative matter "is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). Here, the "affirmative matter" was that the lawsuit was barred under the equitable doctrine of *laches*, which "precludes a litigant from asserting a claim when an unreasonable delay in raising the claim prejudices the other party." *Wabash County v. Illinois Municipal Retirement Fund*, 408 Ill. App. 3d 924, 933 (2011). "The defense of *laches* requires a showing that (1) a litigant has exhibited unreasonable delay in asserting a claim; and (2) the opposing party suffered prejudice as a result of the delay." *Id.*

¶ 6 In *Summers v. Village of Durand*, 267 Ill. App. 3d 767, 771 (1994), we observed as follows:

> "Courts have devised a rule to be used in applying the doctrine of *laches* to causes of action brought by discharged public sector employees seeking reinstatement *and/or back pay*. The rule is that a delay of longer than six months from the date of termination to the filing of suit is *per se* unreasonable and will justify dismissal on the ground of *laches* if: (a) the plaintiff can show no reasonable excuse for the delay; and (b) the employer would suffer prejudice by having to pay both a replacement worker's salary and a successful plaintiff's back wages during the period of delay." (Emphasis added.)

As authority for that rule, we cited *Long v. Tazewell/Pekin Consolidated Communications Center*, 236 Ill. App. 3d 967, 969-70 (1992). Plaintiff argues, however, that the rule set forth in *Long* is limited to suits seeking *both* reinstatement and back pay (not one or the other). *Id.* at 969 ("By case law, a six-month *per se laches* rule has been developed specifically for causes of action such as this seeking reinstatement *and* back pay following an alleged wrongful termination in the public employment sector." (Emphasis added.)).

¶ 7 We conclude that the defense of *laches* is available where a discharged public-sector employee seeks back pay, regardless of whether the employee also seeks reinstatement. *Bill v. Board of Education of Cicero School District 99*, 351 Ill. App. 3d 47 (2004), supports our conclusion. In *Bill* the plaintiff originally sought both reinstatement and back pay. After the trial court dismissed the claim for reinstatement, the plaintiff moved for summary judgment on her claim for back pay. The trial court granted the motion, rejecting the defendant's argument that the claim was barred by *laches*. The defendant appealed. The plaintiff argued that, because *laches* is an equitable defense, it did not bar her claim for money damages. The *Bill* court disagreed, reasoning as follows:

"[T]raditionally, statutes of limitation were generally applied to legal actions and the *laches* doctrine was applied to those actions based in equity, [but] such 'mechanical' applications are no longer followed. [Citation.] Courts have applied *laches* to 'equity-like' actions, such as *mandamus*, to quasi-equitable suits, to actions where equitable considerations are at the heart of a claim actually based in law, *as well as to purely legal claims.* [Citations.] For instance, in *Schultheis* [*v. City of Chicago*, 240 Ill. 167 (1909)], the supreme court specifically stated that the *laches* defense was applicable to pseudo-equitable proceedings at law, such as actions in *certiorari* and *quo warranto*. [Citation.] Subsequently, *** the First and Fourth District Appellate Courts each explicitly stated that the *laches* doctrine is not limited solely to suits in equity and is applicable to cases at law in which a plaintiff seeks back pay for wrongful termination, in addition to reinstatement. [Citations.] *This approach finds full fruition in Summers, where the court applied the six-month laches doctrine in an action where only monetary damages were sought.* [Citation.] Along these lines, we note that this action began as one seeking reinstatement and back wages; however, the reinstatement action was ultimately dismissed by the trial court, resulting in the remaining claim solely for monetary damages. As a result, we disagree with plaintiff that the six-month *laches* rule cannot be applied to a public employee case seeking monetary damages in the form of back pay, particularly where the action was originally filed as one seeking reinstatement, as this one was." (Emphases added.) *Id.* at 56-57.

¶ 8    Unlike the plaintiff in *Bill*, plaintiff here never sought reinstatement. Nonetheless, the relaxation of the traditional rule limiting *laches* to actions based in equity militates against the formalistic approach that plaintiff advocates. "[I]t is prejudice in the sense of having to pay both a replacement worker's salary during a former employee's delay in challenging his termination and that employee's back wages, if his challenge ultimately succeeds, which will justify application of *laches* to such a suit."[1] *Coleman v. O'Grady*, 207 Ill. App. 3d 43, 48 (1990). The prejudice, in that sense, does not depend on whether the former employee is ultimately reinstated.

¶ 9    We also observe, briefly, that there is another aspect to the prejudice resulting from plaintiff's delay in filing suit. Although plaintiff's complaint indicated that she had been subjected to a hostile work environment for most of the 2011-12 school year, she did not resign from her position until the end of August 2012, when the next school year had just started, thus forcing defendant to replace her services on an expedited basis. Not only did plaintiff leave defendant in a lurch at the start of the school year, but, by waiting until April of the following year to file suit, she might have complicated the process of securing a permanent successor. These circumstances tip the balance of equities even further in defendant's favor.

¶ 10   Plaintiff alternatively contends that, even if *laches* bars her claim for back pay, her lawsuit should still be allowed to proceed because she also sought "front pay." From our review of the record, it does not appear that plaintiff raised this issue in the trial court. Accordingly, she has forfeited review. See, *e.g.*, *In re Estate of Chaney*, 2013 IL App (3d) 120565, ¶ 8. Moreover, plaintiff's argument on this point consists of nothing more than the

---

[1]As to *Summers'* other condition, plaintiff does not assert any reasonable excuse for her delay.

bare assertion that "[a]ny delay in filing her complaint did not cause any harm to the Defendant." The argument is not sufficiently developed to warrant appellate review. See, *e.g.*, *People ex rel. Madigan v. Lincoln, Ltd.*, 383 Ill. App. 3d 198, 208 (2008). We note in closing that we are unaware of any authority that "front pay" is an available remedy for a violation of the Whistleblower Act. By affirming the trial court's decision that plaintiff's lawsuit is barred by *laches*, we do not mean to suggest any opinion as to whether plaintiff's claim for front pay would otherwise be viable under Illinois law.

¶ 11   For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 12   Affirmed.