2020 IL App (2d) 190198
No. 2-19-0198
Opinion filed August 31, 2020
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CH-5654 |
| WILLIE ALTAMIRANO, JOSE MANUEL GARCIA-VELAZQUEZ, ERNESTINA ALTAMIRANO-CRUZ, ANAYELI GONZALEZ, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Jose Manuel Garcia-Velasquez and Ernestina Altamira-Cruz, Defendants-Appellants; Gaspar Huerta, Rosaura Lopez, and Mortgage Electronic Registration System, Inc., Respondents-Appellees). | ) ) ) ) ) | Honorable James D. Orel, Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1                                          I. INTRODUCTION

¶ 2     Petitioners, Jose Manuel Garcia-Velazquez and Ernestina Altamirano-Cruz, filed a petition under section 2-1401 of the Civil Practice Law (735 ILCS 5/2-1401 (West 2018)), alleging that a judgment entered against them was void for want of personal jurisdiction. The trial court found their claim barred by *laches*. A motion to dismiss this appeal has also been filed, which we ordered taken with the case. As we explain below, that motion is denied. For the reasons that follow, we affirm.

¶ 3                                    II. BACKGROUND

¶ 4     On September 30, 2010, respondent, the Federal National Mortgage Association (Fannie Mae), filed a complaint to foreclose a mortgage against Willie Altamirano, Jose Manuel Garcia-Velazquez, Ernestina Altamirano-Cruz, and Anayeli Gonzalez (also named were the United States, unknown owners, and nonrecord claimants). The parcel at issue was residential property located in West Chicago. The summons listed "WILLIE ALTAMIRANO *et al*" in the caption. Jose Manuel Garcia-Velazquez, Ernestina Altamirano-Cruz, and Anayeli Gonzalez were identified as defendants on an attached service list. A process server filed affidavits attesting that all four defendants were served.

¶ 5     Defendants failed to appear, and a default judgment was entered on February 7, 2012. Fannie Mae purchased the property at a judicial sale. On December 26, 2012, Fannie Mae sold the property to respondents Gaspar Huerta and Rosaura Lopez. The property was mortgaged to respondent Mortgage Electronic Registration System, Inc. (MERS).

¶ 6     On August 13, 2018, petitioners filed their section 2-1401 petition (*id.*). In it, they alleged that the judgment of foreclosure was void, as they were not named in the caption to the summons. They contend that this technical defect deprived the trial court of personal jurisdiction over them. Huerta, Lopez, and MERS moved to dismiss on numerous grounds, pursuant to section 2-619.1 of

the Civil Practice Law (735 ILCS 5/2-619.1 (West 2018)). The trial court granted the motion, noting the legislature's recent amendment to section 2-201(c) of the Civil Practice Law, which added that "[a] court's jurisdiction is not affected by a technical error in format of a summons" (Pub. Act 100-1048, § 5 (eff. Aug. 23, 2018) (adding 735 ILCS 5/2-201(c) (West 2018)) and further finding petitioners' claims barred by *laches*. Petitioners now appeal.

¶ 7                                        III. ANALYSIS

¶ 8       On appeal, petitioners raise two main issues. First, they contend that the summons was defective and the trial court lacked personal jurisdiction when it entered the judgment of foreclosure. Second, they contend that *laches* does not bar their current action. Before addressing those issues, we will examine the motion filed by Huerta, Lopez, and MERS to dismiss this appeal. Because this appeal comes to us following a successful motion to dismiss, our review is *de novo*. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15.

¶ 9       We note that petitioner's first argument raises a potential constitutional issue. In *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 19, we held that the failure to name a defendant on the face of a summons deprived the trial court of personal jurisdiction. As noted, the legislature subsequently amended section 2-201 of the Civil Practice Law (735 ILCS 5/2-201 (West 2018)) to state that "[a] court's jurisdiction is not affected by a technical error in the format of the summons" (*Id.* § 2-201(c)). To give the amendment effect in this case, we would have to read it as abrogating the earlier-decided *Arch Bay* case and validating the still earlier-effected service of process. This conflict raises an arguable separation of powers issue. See *First Mortgage Co. v. Dina*, 2017 IL App (2d) 170043, ¶ 30 (" '[W]hile the General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent [citation], *it cannot effect a change in that*

*construction by a later declaration of what it had originally intended* [citation].' " (Emphasis in original and internal quotation marks omitted.) (quoting *Hamilton County Telephone Cooperative v. Maloney*, 151 Ill. 2d 227, 233 (1992))). It is axiomatic that we must avoid addressing a constitutional issue unless it is truly necessary. *Id.* ¶ 20. As such, we will only address petitioner's argument concerning personal jurisdiction if we cannot resolve the case on another basis.

¶ 10                      A. MOTION TO DISMISS THIS APPEAL

¶ 11    Huerta, Lopez, and MERS move to dismiss this appeal as moot. They assert that under sections 13-107.1 and 13-109.1 of the Civil Practice Law (735 ILCS 5/13-107.1, 13-109.1 (West 2018)), they have established adverse possession of the subject parcel, rendering all other issues moot. Section 13-107.1 provides:

"(a) Actions brought for the recovery of any lands, tenements, or hereditaments of which any person may be possessed for 2 successive years, having a connected title, deductible of record, as a purchaser at a judicial foreclosure sale, other than a mortgagee, who takes possession pursuant to a court order under the Illinois Mortgage Foreclosure Law, or a purchaser who acquires title from a mortgagee or a purchaser at a judicial foreclosure sale who received title and took possession pursuant to a court order, shall be brought within 2 years after possession is taken. When the purchaser acquires title and has taken possession, the limitation shall begin to run from the date a mortgagee or a purchaser at a judicial foreclosure sale takes possession pursuant to a court order under the Illinois Mortgage Foreclosure Law or Article IX of this Code. The vacation or modification, pursuant to the provisions of Section 2-1401, of an order or judgment entered in the judicial foreclosure does not affect the limitation in this Section.

(b) This Section applies to actions filed on or after 180 days after the effective date of this amendatory Act of the 100th General Assembly." *Id.* § 13-107.1.

Section 13-109.1 states:

"Every person in the actual possession of lands or tenements, under claim and color of title, as a purchaser at a judicial foreclosure sale, other than a mortgagee, who takes possession pursuant to a court order under the Illinois Mortgage Foreclosure Law, or a purchaser who acquires title from a mortgagee or a purchaser at a judicial foreclosure sale who received title and took possession pursuant to such a court order, and who for 2 successive years continues in possession, and also, during such time, pays all taxes legally assessed on the lands or tenements, shall be held and adjudged to be the legal owner of the lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, legacy, or descent, before such 2 years have expired, and who continue possession, and continue to pay the taxes as above set forth so as to complete the possession and payment of taxes for the term above set forth, are entitled to the benefit of this Section. The vacation or modification, pursuant to the provisions of Section 2-1401, of an order or judgment entered in the judicial foreclosure does not affect the limitation in this Section.

This Section applies to actions filed on or after 180 days after the effective date of this amendatory Act of the 100th General Assembly." *Id.* § 13-109.1.

Note the final sentence of each statute. Both are limited to actions filed at least 180 days after the effective date of the respective amendments. Both became effective on August 23, 2018. Here, the initial foreclosure was filed in 2010, well before the effective date of these amendments. Even if

we were to consider the date petitioners filed their section 2-1401 petition—August 13, 2018—as the relevant date, it would still predate when the amendments became effective.

¶ 12    Somewhat cryptically, respondents assert that, because a section 2-1401 petition is a collateral attack on a previously entered judgment, no action for recovery of land has yet been filed. They then conclude that the " 'sunrise' provisions contained in [s]ections 13-107.1 and 13-109.1 are inapplicable." *Something* has been filed because *something* is pending before this court. Moreover, this case has been pending since before the effective date of these amendments, *a fortiori*, this action was filed before that date. We would thus have to give this statute retroactive effect, which would be inappropriate given the legislature's plain statement regarding when these provisions became effective. See *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006) ("[I]f the legislature has expressly prescribed the statute's temporal reach, the expression of legislative intent must be given effect absent a constitutional prohibition.").

¶ 13    In sum, we find this argument unpersuasive and deny the motion to dismiss the appeal.

¶ 14                              B. *LACHES*

¶ 15    The primary basis cited by the trial court in dismissing petitioners' petition was *laches*. *Laches*, an equitable doctrine, "precludes a litigant from asserting a claim when the litigant's unreasonable delay in raising the claim has prejudiced the opposing party." *Madigan ex rel. Department of Healthcare & Family Services v. Yballe*, 397 Ill. App. 3d 481, 493 (2009). It "is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party." *Tully v. State of Illinois*, 143 Ill. 2d 425, 432 (1991).

¶ 16    *Laches* is an affirmative defense that requires a defending party to establish two elements: that "the plaintiff failed to exercise due diligence in bringing its suit" and that "the plaintiff's delay

served to prejudice the defendant." *Yballe*, 397 Ill. App. 3d at 493. Here, both elements are easily met. Regarding the first element, all defendants were served and thus had actual knowledge of the foreclosure proceeding. However, no defendant responded to the complaint. Further, as the trial court noted, it was not until over eight years since service was accomplished and over six years since they were evicted from the premises that petitioners first filed their section 2-1401 petition. Petitioners provide no reasonable explanation for this delay and cannot be said to have been acting with due diligence. See *Osler Institute, Inc. v. Miller*, 2015 IL App (1st) 133899, ¶ 25 (holding two-year delay in filing suit sufficient to show lack of due diligence). Moreover, this delay was prejudicial to respondents, particularly Lopez and Huerta who purchased and maintained the subject property in reliance on the completed foreclosure. Accordingly, both elements of *laches* are met.

¶ 17    Petitioners contend that *laches* does not apply for several reasons. First, they contend that the doctrine does not apply when a void judgment is involved. They assert that a judgment entered without personal jurisdiction is void. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 45. They contend that the judgment at issue here is void because the summons issued in this case did not properly name all defendants. See *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937). We will assume that these assertions are correct for the sake of resolving this argument.

¶ 18    Petitioners begin by pointing to the well-known principle that, "[u]nder Illinois law, a party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 15. Moreover, petitioners note, equity must follow the law. See *Adams v. Employers Insurance Co. of Wausau*, 2016 IL App (3d) 150418,

¶ 18. Nevertheless, recent cases from this district have recognized the possibility that a party's lack of diligence could deprive them of the ability to raise the issue of whether a judgment is void. In *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 26 (collecting cases), this court observed, "[I]n some circumstances, *laches* have been held to interpose a limit on when a void judgment may be collaterally attacked." More recently, we stated, "Although we do not determine if *laches* applies to this case [involving a void judgment], we agree with the court in *West Suburban* that *laches* can preclude relief in an appropriate case where prejudice is demonstrated." *JPMorgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275, ¶ 30. There is a historical precedent for this proposition.

¶ 19    For example, in *Koberlein v. First National Bank of St. Elmo*, 376 Ill. 450, 456-57 (1941), our supreme court found that a void-judgment claim was barred by *laches*. Similarly, in *James v. Frantz*, 21 Ill. 2d 377, 383 (1961), the court explained:

> "The appellees attempt to meet the charge of *laches* by asserting that a void decree may be attacked collaterally at any time, without regard to *laches*. They rely upon the statements in [*Thayer v. Village of Downers Grove*, 369 Ill. 334, 339 (1938), and *Ward v. Sampson*, 395 Ill. 353, 359 (1946)], that 'a void judgment or order may be vacated at any time and the doctrines of *laches* and estoppel do not apply.' These statements are far too sweeping, however, for *laches* is a familiar defense when the validity of an earlier judgment or decree has been attacked in equity."

More recently, the First District noted that " 'Illinois cases recognize that even if service of process is defective an attack on a decree may be barred by *laches*. [Citation.] It is a [*sic*] basic to the *laches* doctrine that a complainant may be barred when, after ascertaining the facts, he fails promptly to seek redress.' " *In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 55 (quoting *Rodriguez*

*v. Koschny*, 57 Ill. App. 3d 355, 361-62 (1978)). The principle that *laches* may bar a collateral attack on a void judgment is far from novel. See *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131 (1989) ("Illinois courts have applied [*laches*] to bar claims that a decree is void for defective service of process despite contrary arguments that such a jurisdictional claim may be brought at any time."); *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 365 (1978) (holding that "the two-year period provided in Section 72 for bringing the action is not applicable where relief is sought from a void decree, although the equitable defense of *laches* may be interposed"). Thus, the mere fact that petitioners contend that the underlying judgment is void does not render *laches* inapplicable.

¶ 20     Petitioners attempt to avoid this result in several ways. First, they point to *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, which they assert held that equitable considerations are inapplicable to a section 2-1401 petition that raises only legal issues. Petitioners are reading this case far too broadly. At issue in *Warren County* was whether the trial court could relax due diligence standards in light of equitable considerations. *Id.* ¶ 22. The supreme court ultimately held that equitable considerations were relevant to a fact-based section 2-1401 petition but not to one that raises a solely legal challenge to a judgment. *Id.* ¶¶ 49-51. Here, petitioners reason, their voidness challenge is purely legal (see *id.* ¶ 48), so equitable considerations should not apply and the defense of *laches* should not be available to respondents. Thus, petitioners are attempting to extend the holding of *Warren County* from its original circumstances—whether a trial court may consider equitable matters in assessing due diligence— to the ability of a respondent to assert an affirmative defense.

¶ 21     We do not believe that these two situations are sufficiently analogous such that *Warren County* controls here. *Laches* is an affirmative defense. *Bill v. Board of Education of Cicero School District 99*, 351 Ill. App. 3d 47, 54 (2004). Due diligence, conversely, is something a petitioner

must show to prevail on a section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Thus, unlike due diligence, *laches* is not raised by the petition at all. Indeed, an affirmative defense admits the sufficiency of the petition and asserts new matter to defeat the cause of action. *Farmers Automobile Insurance Ass'n v. Neumann*, 2015 IL App (3d) 140026, ¶ 16. Thus, in resolving a *laches* issue, the merits of the 2-1401 petition are not a consideration. Therefore, whether the trial court can consider equitable matters in assessing due diligence—the issue addressed in *Warren County*—is beside the point. Further, it does not automatically follow that equitable defenses are precluded simply because equitable considerations are not relevant to assessing the elements of section 2-1401 petition that raises a legal challenge. Petitioners do not attempt to address this relationship. Petitioners' reliance on *Warren County* is misplaced. It is not petitioners' 2-1401 petition that invokes the equitable powers of the trial court; rather, it is respondents' assertion of an equitable defense. This, in turn, renders *Warren County* consistent with the extensive caselaw cited above that holds that *laches* may be interposed to a claim that a judgment is void.

¶ 22    Petitioners also attempt to distinguish cases on which the trial court relied. Regarding *James*, 21 Ill. 2d at 383, petitioners point out that the court stated that "*laches* is a familiar defense when the validity of an earlier judgment or decree has been *attacked in equity*." (Emphasis added.) However, *James* was issued "[p]rior to the adoption of the judicial article of the Illinois Constitution of 1970, [when] there was a distinction between courts of law and equity as to jurisdiction to hear matters." *Metrobank v. Cannatello*, 2012 IL App (1st) 110529, ¶ 19. Hence, this distinction carries little force today. See *Lashever v. Zion-Benton Township High School*, 2014 IL App (2d) 130947, ¶ 8 ("[T]he relaxation of the traditional rule limiting *laches* to actions based in equity militates against the formalistic approach that plaintiff advocates."); *Valdovinos v.*

*Tomita*, 394 Ill. App. 3d 14, 18 (2009) ("*[L]aches* is now routinely applied in lawsuits simultaneously seeking both legal and equitable remedies."). Further, petitioners note, *James* involved oil and mineral rights, and the *James* court stated, " 'there is no class of property in which *laches* is more relentlessly enforced' than with respect to oil and mining property." *James*, 21 Ill. 2d at 382 (quoting *Pyle v. Ferrell*, 12 Ill. 2d 547, 553 (1958)). Assuming this proposition remains valid today, it simply addresses the magnitude of the interest at stake. Here, at issue is the interest of subsequent-purchasers Huerta and Lopez in their home, which is a significant interest as well. *Cf. GMAC Mortgage, LLC v. Arrigo*, 2014 IL App (2d) 130938, ¶ 15 (noting purpose of homestead exception is to insure family's possession of house). Petitioners also point out that in *James*, a witness had died in the interim; however, that merely helped establish prejudice, and we do not read the case as holding that prejudice cannot be established in any other way. As such, we find unpersuasive petitioners' attempts to distinguish *James*.

¶ 23 Petitioners also attempt to distinguish *Jamari R.*, 2017 IL App (1st) 160850. They note that it involved child custody and adoption while this case does not. Initially, we note that while the interest at stake in *Jamari R.* was undoubtedly substantial, it does not mean that Huerta and Lopez's interest in their home is insignificant. More importantly, we read nothing in *Jamari R.* to suggest that *laches* does not apply outside the realm of child custody or adoption. Thus, petitioners' attempt to distinguish *Jamari R.* fails.

¶ 24 Petitioners argue that respondents cannot show a lack of diligence on their part, because a void judgment can be attacked at any time. *Castleberry*, 2015 IL 116916, ¶ 15. However, "depending on the facts in question, the doctrine of *laches* may apply 'although the time fixed by the statute of limitations has not expired.' " *Tolbert v. Godinez*, 2020 IL App (4th) 180587, ¶ 24 (quoting *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 270 (2001)). Thus, the mere

fact that time remains for a party to bring a cause of action is not fatal to the other party asserting a defense of *laches*. Petitioners further assert that Fannie Mae cannot show prejudice; however, they ignore the prejudice accruing to Huerta and Lopez. Moreover, Fannie Mae points out that "it would be required to reopen a foreclosure action completed over seven years ago." Fannie Mae asserts that this would make it difficult for it to calculate amounts due and produce records to support its claim. Petitioners assert that the original trial record would contain all Fannie Mae needed to prosecute the action. However, as petitioners did not resist the initial foreclosure, it is unlikely the record contains more than the bare minimum necessary to secure a default judgment. In any event, as noted, the prejudice to Huerta and Lopez is undisputed.

¶ 25    Petitioners also contend that "equitable considerations cannot make a void judgment effective." That is not what is happening here. It has been observed that "*[l]aches* is a species of estoppel." *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992). Thus, here, petitioners are being estopped from asserting the invalidity of the judgment by their lack of diligence and the prejudice it caused. Given that they sat on their rights, petitioners are not a proper party to attack the earlier judgment. There are, after all, limitations on how a void judgment may be attacked. For example, even where a judgment has been entered by a court lacking subject matter jurisdiction, it may not be attacked unless it is part of a case properly before the court where relief is sought. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 15. Similarly, here, only a proper party can raise a voidness challenge. As we have explained, petitioners, being estopped, are not proper parties.

¶ 26    Petitioners cite the equitable maxim that equity must follow the law. *First American Title Insurance Co. v. TCF Bank, F.A.*, 286 Ill. App. 3d 268, 276 (1997). They argue, "When the rights of parties are defined and established by law, a court of equity, *without jurisdiction over the*

*parties*, has no power to change or unsettle those rights or situation which are defined and fixed by existing legal principles." (Emphasis in original.) However, *laches* presents a threshold issue regarding whether petitioners are entitled to proceed with this action. It is an affirmative defense unrelated to the merits of the suit. See *Tully*, 143 Ill. 2d at 432. Hence, we have simply determined that petitioners are not entitled to maintain this action; we have not addressed the underlying dispute or somehow altered the law in light of equitable considerations.

¶ 27    Before closing, we note petitioners' reliance on *Arch Bay Holdings*, 2015 IL App (2d) 141117. In that case, the petitioner, like petitioners here, sought relief from a judgment entered against her in a foreclosure action due to lack of personal jurisdiction. The petitioner was not named on the face of the summons but appeared on the service list. The *Arch Bay* court held that this deficiency deprived the trial court of jurisdiction and rendered the judgment against her void. *Id.* ¶ 19. However, in *Arch Bay*, the petitioner sought relief less than six months after the judicial sale and less than a year after the entry of the default judgment against her. Respondents did not interpose the defense of *laches*. In this case, petitioners waited for over six years after they were defaulted to file their section 2-1401 petition. Indeed, by the time they filed the petition, Huerta and Lopez had owned the home for five years. Moreover, the defense of *laches* has been invoked here. Thus, *Arch Bay* is distinguishable.

¶ 28    In short, we hold that petitioners' claim is barred by *laches* regardless of whether the trial court's judgment was void because the court lacked personal jurisdiction over petitioners.

¶ 29                              IV. CONCLUSION

¶ 30    In light of the foregoing, the judgment of the circuit court of Du Page County is affirmed.

¶ 31    Affirmed.

---

**No. 2-19-0198**

---

| | |
|---|---|
| **Cite as:** | *Federal National Mortgage Ass'n v. Altamirano*, 2020 IL App (2d) 190198 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 10-CH-5654; the Hon. James D. Orel, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Joseph Cho, of JSC Law, of Des Plaines, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Ralph T. Wutscher, Coleman J. Braun, and Jeffrey T. Karek, of Maurice Wutscher LLP, of Chicago, for appellee Federal National Mortgage Ass'n. |
| | Nathan B. Grzegorek and James A. Larson, of Plunkett Cooney, P.C., of Chicago, for other appellees. |

---